JANUARY TERM, 1882, No. 251.        MARCH 27TH, 1882.

## Carey *versus* Sheldon *et al.*

1. An undertaking in the following words, viz.: " I hold myself responsible to you for the amount of sixty dollars margin for any marble you may furnish to Jacob Kohler, agent," is an original undertaking and not a guaranty, and the person executing it is primarily liable upon it.

2. Gilbert *v.* Henck, 6 Casey, 205, commented upon.

Before SHARSWOOD, C. J.; MERCUR, GORDON, PAXSON, TRUN-KEY, STERRETT, and GREEN, JJ.

Error to the Court of Common Pleas, No. 4, for *Philadelphia County.*

Assumpsit by Richard K. Sheldon and Andrew Adams, trading as Sheldon & Adams, against George W. Carey.

Upon the trial in the Court below, before BRIGGS, J., the plaintiffs gave evidence of a sale of marble to Jacob Kohler, amounting to sixty dollars, and that they declined to sell to Kohler until he obtained the order in dispute from the defendant. The order was executed and delivered by defendant to the plaintiffs, and was as follows:

[Carey *v.* Sheldon *et al.*]

"PHILADELPHIA, September 18th, 1878.

"MESSRS. SHELDON & ADAMS.

"GENTS : I hold myself responsible to you to the amount of sixty dollars margin, for any marble you may furnish to Jacob Kohler, agent.         GEO. CAREY."

The defendant asked for a nonsuit, on the ground that the order was not an original undertaking.

The Court overruled this motion, and charged the jury:

"This instrument of writing is a positive and original undertaking, and I charge you your verdict should be for the plaintiff."

The defendant excepted to the charge.

October 20th, 1881, verdict for the plaintiff for $69.43, upon which judgment was subsequently entered.

The defendant then took out a writ of error, assigning the charge of the Court as error.

*George W. Arundel,* for plaintiff in error.

Gilbert *v.* Henck, 6 Casey, 205, decides that a promise to be responsible for the contract of another, is a contingent liability, and becomes absolute only by showing due and unsuccessful diligence to obtain satisfaction from the principal.

The undertaking here is to become responsible for the debt of another, and is, therefore, ruled by the latter case.

The distinction taken in this State between a security and a guarantor is well settled. The latter assumes but a collateral contingent liability. His engagement is to pay in default of solvency in the debtor, provided diligence was used to obtain payment from him : Isett *v.* Hoge, 2 Watts, 129 ; Snevily *v.* Ekel, 1 W. & S., 204 ; Johnston *v.* Chapman, 3 Penna. Rep., 18.

*C. H. Krumbhaar,* for defendants in error.

That the contract is one of original undertaking, and therefore of surety, is clearly settled by Ashton *v.* Bayard, 21 P. F. Smith, 139 ; Woods *v.* Sherman, 21 id., 100 ; Hohl *v.* Korn, 2 W. N. C., 277.

APRIL 10TH, 1882.—PER CURIAM: This case is ruled by Marberger *v.* Pott, 4 Harris, 9, and Allen *v.* Hubert, 13 Wright, 259, and not by Gilbert *v.* Henck, 6 Casey, 205, in which the question of the character of the instrument did not arise, and the opinion expressed was clearly extrajudicial,

as supposing it to be a guaranty, the Court held the plaintiff was entitled to judgment: Ashton *v.* Bayard, 21 P. F. Smith, 139.

Judgment affirmed.